IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARK J. ALLEN, #F94789**                                                             **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:13-cv-17-DCB-MTP**

**U.S. BUREAU OF PRISONS, ET AL.**                                         **DEFENDANTS**

**ORDER**

BEFORE the Court is the Plaintiff's *pro se* Motion [ECF No. 7] for a temporary restraining order and preliminary injunction filed February 25, 2013. Upon consideration of Plaintiff's Motion, Declaration in Support, and Memorandum in Support, the Court has reached the following conclusions.

Plaintiff is a federal inmate currently incarcerated by the Mississippi Department of Corrections. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), challenging the conditions of his confinement. He has been granted permission to proceed *in forma pauperis* in this case. Order [ECF No. 5]. In the instant request for injunctive relief Plaintiff "moves this Court to grant an order to show cause for preliminary injunctive relief and T.R.O." and "prays for judgment in his favor." Mot. [ECF No. 7] at 1. Plaintiff states that he "will suffer on-going irreparable physical, mental and psychological harm in the absence of [a] T.R.O. and injunction." Mem. in Supp. [ECF No. 8] at 6.

To the extent Plaintiff seeks relief that if granted would exceed the 14 day limit of a temporary restraining order, his Motion is in effect a request for a preliminary injunction. *See* Fed. R.Civ.P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). In order to receive a preliminary injunction, the Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). A preliminary injunction "should not

be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).

It appears Plaintiff is claiming that he is entitled to injunctive relief during the pendency of his case because he has filed a verified Complaint alleging violations of his constitutional rights. Although a preliminary injunction may be granted to safeguard constitutional rights, it remains "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas, Texas,* 905 F.2d 63, 65 (5th Cir.1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir.1985)). Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams,* 932 F.2d at 1107 (citing *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir.1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 573 (5th Cir.1974).

The Court has evaluated Plaintiff's request in accordance with the applicable case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for such relief. *See Ridgely v. FEMA*, 512 F.3d 727, 734-35 (5th Cir. 2008). The Court will be able to render a meaningful decision without granting a temporary restraining order or a preliminary injunction. Therefore, Plaintiff's Motion will be denied without a hearing. Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [ECF No. 7] for a temporary restraining order and preliminary injunction is **denied**.

SO ORDERED, this the   21st    day of March, 2013.

                                             s/David Bramlette
                                             UNITED STATES DISTRICT JUDGE